## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**OWEN LACOMBE**                                                    **CIVIL ACTION**

**VERSUS**

**AVOYELLES CORRECTIONAL**                             **NO. 07-142-A-M2**
**CENTER, ET AL**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, September 21, 2007.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**OWEN LACOMBE**                                                                 **CIVIL ACTION**

**VERSUS**

**AVOYELLES CORRECTIONAL**                                          **NO. 07-142-A-M2**
**CENTER, ET AL**

### MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Owen LaCombe ("LaCombe").  The State has filed an opposition to LaCombe's petition.  (R. Doc. 7).

### PROCEDURAL BACKGROUND

LaCombe is an inmate presently confined at Avoyelles Correctional Center in Cottonport, Louisiana.  On January 8, 2001, he was charged by bill of information with attempted second degree murder in violation La. R.S. 14:27 and 14:30.1 and aggravated burglary in violation of La. R.S. 14:60.  He pled not guilty to those charges at an arraignment on February 5, 2001.

LaCombe's trial was set for April 21, 2003.  On the day his trial began, he withdrew his former guilty plea and entered a plea of not guilty to the lesser responsive charge of attempted manslaughter.  He also entered a plea of guilty as charged to aggravated burglary.  After boykinizing the defendant, the trial court accepted LaCombe's guilty plea and ordered that a Pre-Sentence Investigation ("PSI") be completed.  When the PSI report was received, LaCombe's sentencing was set for August 19, 2003.

On the day of sentencing, LaCombe's counsel informed the trial judge that LaCombe wanted to withdraw his guilty plea and that a written motion would be filed in that regard.

1

The trial court denied LaCombe's oral motion to withdraw his guilty plea and then sentenced petitioner to twenty (20) years at hard labor on the aggravated burglary charge and ten (10) years on the attempted manslaughter charge, to run concurrently.  The trial judge also informed LaCombe that, pursuant to La. C.Cr.P. art. 930.8, he had two (2) years from the date his convictions and sentences became final within which to file an application for post-conviction relief.

LaCombe subsequently filed a written motion to withdraw his guilty plea and a motion to reconsider sentence on September 2, 2003, which were set for hearing on January 8, 2004.  On the date of the hearing, petitioner sought a continuance of the hearing.  The trial judge denied petitioner's continuance request and, at the conclusion of the hearing, denied both his motion to withdraw guilty plea and his motion to reconsider sentence.

LaCombe filed a Petition for Appeal of his convictions and sentences to the First Circuit Court of Appeal on January 16, 2004.  In his appeal brief, he contended that the trial court erred in the following respects:  (1) by imposing sentences that were constitutionally excessive and that violate the provisions of La. C.Cr.P. art. 894.1; (2) by denying his oral motion for a continuance on January 8, 2004; (3) by denying his motion for reconsideration of sentence and motion to withdraw guilty plea; (4) by accepting a guilty plea that was not knowing and voluntary; and (5) by accepting a guilty plea and imposing sentences that violate La. C.Cr.P. arts. 591 and 596, subjecting him to an illegal sentence and to double jeopardy.  The First Circuit affirmed LaCombe's convictions and sentences on October 29, 2004.  *See*, *State of Louisiana v. LaCombe*, 2004-0483 (La. App. 1st Cir. 10/29/04). LaCombe applied for supervisory and/or remedial writs to the Louisiana Supreme Court on

2

December 27, 2004, seeking review of the First Circuit's affirmation of his convictions and sentences.  The Supreme Court denied that writ application on February 10, 2006.  *See, State of Louisiana v. LaCombe*, 2005-KH-1273 (La. 2/10/2006).

On February 9, 2005, LaCombe also filed a "Motion of Request for Court to Issue a Motion of Rule to Show Cause," wherein he alleged assorted grievances regarding the prosecution of his case.  On April 12, 2005, the trial court treated that motion as an application for post-conviction relief and denied it after a hearing on April 18, 2005, finding that LaCombe had failed to articulate any grounds upon which post-conviction relief could be granted under La. C.Cr.P. art. 930.3.  Thereafter, LaCombe filed a number of miscellaneous motions with the trial court, including requests to have the prosecutor and trial judge recused, a motion for declaratory judgment, an objection to the clerk of court's non-compliance with the rules of court, and a motion for production of a copy of the PSI report.

On August 24, 2006, LaCombe filed an application for a writ of mandamus with the First Circuit Court of Appeal, seeking to have the First Circuit order the trial court to provide him with his request for production of the prosecution record relied upon for his conviction and assigning error to the trial court's denial of his motion for production of a copy of the PSI report.  The First Circuit Court of Appeal granted that writ application on October 2, 2006 for the purpose of transferring those requests to the trial court for consideration.  *See, State of Louisiana v. LaCombe*, 2006-KW-1724 (La. App. 1st Cir. 10/2/06).

On November 16, 2006, LaCombe filed another application for writ of mandamus with the First Circuit Court of Appeal, seeking an order from the Court of Appeal mandating the trial court to answer his "motion of credit for prior custody" and his pleading of "notice

3

of intent to file writ of mandamus." The First Circuit denied that writ application on January 8, 2007, on the ground that it was advised by the trial judge's office that LaCombe's "motion for credit for prior custody" was not of record. *See, State of Louisiana v. LaCombe*, 2006-KW-2340 (La. App. 1st Cir. 1/8/07).

LaCombe then filed his present habeas petition with this Court on February 26, 2007. In his petition, he asserts the following claims: (1) his trial counsel was ineffective in failing to request or review any exculpatory statements; and (2) his guilty plea was invalid because he believed his plea was for a term of seventy (70) months as agreed upon by the District Attorney and his counsel, rather than the sentence of twenty (20) years that he received.

## **LAW & ANALYSIS**

The time period during which a habeas corpus petitioner must file an application for relief is set forth in 28 U.S.C. § 2244(d)(1) and (2), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2).

Thus, in order to determine whether LaCombe's habeas petition was timely filed, the Court must examine whether more than one (1) year elapsed between the finality of his convictions and sentences and the filing of his habeas petition, excluding those time periods when a "properly filed application for state post-conviction or other collateral review" was pending. As discussed above, LaCombe was sentenced on August 19, 2003. He then timely filed a motion to reconsider sentence on September 2, 2003,[1] which was denied on January 8, 2004. He also timely filed an appeal of his convictions and sentences with the First Circuit Court of Appeal on January 16, 2004.[2]  The First Circuit affirmed his convictions and sentences on October 29, 2004. At that point, LaCombe failed to file a motion for reconsideration with the First Circuit and also failed to timely file an application for a writ of certiorari with the Louisiana Supreme Court. Accordingly, his convictions and sentences became final on November 28, 2004, thirty (30) days after the First Circuit's

---

[1] Pursuant to La. C.Cr.P. art. 881.1, a defendant may file a motion to reconsider sentence within thirty (30) days following the imposition of sentence or within such longer period as the trial court may set at sentence. La. C.Cr.P. art. 881.1.

[2] La. C.Cr.P. art. 914 provides that a motion for an appeal must be made no later than: (1) thirty (30) days after the rendition of the judgment or ruling from which the appeal is taken; or (2) thirty (30) days from the ruling on a motion to reconsider sentence filed pursuant to La. C.Cr.P. art. 881.1, should such a motion be filed. La. C.Cr.P. art. 914.

affirmation,[3] and the one (1) year time period under 28 U.S.C. §2244(d) began to run at that

point.

Twenty-nine (29) days of that time period elapsed before LaCombe filed an untimely

writ application with the Louisiana Supreme Court on December 27, 2004.  However, such

untimely writ application did not toll the one (1) year limitations period under §2244(d)

because, under Louisiana law, leave to file an out-of-time writ application must be obtained

through the collateral review process.  *See, Darbonne v. Cain*, 2005 WL 2457988 (W.D.

La. 2006), citing *State v. Counterman*, 475 So.2d 336, 338-39 (La. 1985)(the appropriate

procedural vehicle for a defendant to seek the exercise of his right to appeal, after the time

for filing an appeal has expired, is an application for post-conviction relief filed in the district

court of conviction).[4]   In other words, in order to re-instate the right to lapsed appellate

review with the Louisiana Supreme Court, LaCombe was required to file an Application for

Post-Conviction Relief seeking the restoration of such right,[5] which he did not do.  *Id.*, at

*6.  Accordingly, his untimely writ application filed with the Louisiana Supreme Court could

not serve to toll prescription because it was not a "*properly* filed application for State post-

---

[3] *See*, Rule X, Sec. 5 Uniform Rules of Louisiana Supreme Court.

[4] *See also, State v. Cage*, 637 So.2d 89, 90 (La. 1994)(transfer to district court of out-of-time rehearing application filed in Louisiana Supreme Court with instructions to consider rehearing application as an application for post-conviction relief); *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000)(emphasizing that Louisiana Supreme Court Rule X, § 5(a), "sets out no specific exceptions to, or exclusions from, the [30-day-filing] requirement" and that the rule expressly "forbids any extension of the thirty-day limit").

[5] La. C.Cr.P. art. 926(a) requires that an application for post-conviction relief be made " . . . by written petition addressed to the *district court* for the parish in which the petitioner was convicted . . ."  La. C.Cr.P. art. 926(a).

conviction or other collateral review" as required under §2244(d).  *Id.*[6]

Thus, because the one (1) year time period under §2244(d) was not tolled by virtue of LaCombe's untimely writ application with the Louisiana Supreme Court, approximately two (2) years and three (3) months elapsed between the finality of LaCombe's convictions and sentences on November 28, 2004 and the filing of his habeas petition in this Court on February 26, 2007.  Accordingly, his habeas petition is untimely and should be dismissed with prejudice because he has not presented "any rare and exceptional circumstances" warranting the application of the equitable tolling doctrine.[7] [8]  *Darbonne*, at *7, citing *Davis v. Johnson*, 158 F.3d 806, 810-811 (5th Cir. 1998).

Additionally, even if LaCombe's habeas petition is not dismissed on the ground of untimeliness, it would nevertheless be subject to dismissal for failure to exhaust state court remedies, as petitioner failed to assert his present claim of ineffective assistance of counsel

---

[6] The Fifth Circuit's decision in *Salinas v. Dretke*, 354 F.3d 425 (5th Cir.), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004), supports this conclusion.  *Salinas* demands the finding that a petitioner's conviction becomes final for §2244(d) limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court ultimately denied the untimely writ application.  In other words, once a petitioner's judgment becomes "final," it cannot thereafter be "unfinalized" by the filing of untimely pleadings in the Supreme Court.  *Darbonne*, at *6, discussing *Salinas*.

[7] The Court also notes that, even if LaCombe's "Motion of Request for Court to Issue a Motion of Rule to Show Cause" is considered an application for post-conviction relief, as the state trial judge considered it, the pendency of that motion and the tolling of the limitations period for slightly over two (2) months from February 1, 2005 to April 12, 2005 would not render LaCombe's habeas petition timely.

[8] The Court further finds that there is some question as to whether the filing of LaCombe's habeas petition on February 26, 2007 actually constitutes a proper filing, as his petition was filed by an attorney who was not admitted to practice in the Middle District of Louisiana.  It was not until June 19, 2007 that his attorney was formally added as counsel of record in this matter based upon his admission to practice in this district.  However, this issue need not be considered in depth herein since, regardless of the filing date, LaCombe's habeas petition is untimely under §2244(d).

7

at the state level, and that claim therefore was not "fairly presented" to the state courts for consideration prior to habeas review. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)(Federal law is clear that a state prisoner must exhaust state court remedies as to each and every ground upon which he claims entitlement to habeas relief); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)(The exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner).[9] Lastly, LaCombe's habeas petition should be dismissed because he failed to submit a memorandum in support of his habeas petition, containing legal arguments and support for his claims.

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Owen LaCombe be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, September 21, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[9] *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(Federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)(As a matter of comity, state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court); *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990)(A federal habeas petition that contains unexhausted claims must be dismissed in its entirety).